**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**ALBANY DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | * | |
| v. | * | CASE NO. 1:03-CR- 15 WLS |
| DAVID WOODEN, | * | |
| Defendant. | * | |

REPORT AND RECOMMENDATION

Defendant Wooden was indicted in this court on May 9, 2003, and charged with Passing Counterfeit Obligations Or Securities in violation of 18 U.S.C. § 472 in Count I of the Indictment, and with Possession of a Firearme By a Convicted Felon in violation of 18 U.S.C. § 922(g)(1) and 924(a)(2). (R-1) After protracted pre-trial motions and trial preparations, on February 27, 2004, Wooden, with retained counsel, entered into a Plea Agreement with the Government (R-48) and entered a guilty plea as to Count II of the Indictment. (R-50) Pending sentencing, Defendant Wooden filed on May 17, 2004, a Motion To Withdraw Plea of Guilty. (R-55) The court denied Wooden's Motion To Withdraw Plea of Guilty on August 20, 2004 (R-57) and denied his subsequent Motion for Reconsideration (R-58) by Order of September 13, 2004. (R-60) Defendant's pro se Motion For Reconsideration was also reviewed by the court and denied by Order of October 14, 2004. (R-62) On October 14, 2004, the court accepted Petitioner's Plea Agreement, dismissed Count I of the Indictment on the Government's Motion pursuant to the Plea Agreement, and sentenced Wooden to a term of imprisonment of 65 months on Count II to be served consecutively to a State parole violation sentence Defendant was then serving. (R-61, 63).

Defendant Wooden filed a direct appeal of his sentence which was dismissed on June 3, 2005, by the United States Court of Appeals for the Eleventh Circuit upon a finding that Wooden had made

a valid appeal waiver in his Plea Agreement with the Government. (R-74) On January 18, 2007, more than 16 months after his sentence became final, Defendant Wooden filed a Notice of Motion For New Trial (R-75), although the actual Motion For New Trial was not filed until March 2, 2007 (R-78). In the interim, Wooden filed on February 22, 2007, a Motion To Modify Sentence (R-77), stating that his sentence of 65 months was "harsh and would not be in the best interest of himself or society and that same would be detrimental to all." Wooden then requested that the court "modify sentence to a more reasonable judgment in order that he may continue his contribution to society and his family."

## Conclusions of Law

Motions to modify federal sentences by the district court are generally governed by one or the other of the following legal edicts: Rules 35 or 36 of the Federal Rules of Criminal Procedure, 18 U.S.C. § 3582(c), or 28 U.S.C. § 2255.

Under Rule 35, the court may (a) correct a sentence that resulted from arithmetical, technical or other clear error within seven (7) days after entry of the sentence, or (b) upon the government's motion to reduce a sentence based upon the defendant's substantial assistance in investigating and prosecuting another person. The 7 day limitation under Rule 35(a) is jurisdictional. *See United States v. Diaz-Clark,* 292 F.3d 1310, 1317 (11th Cir. 2002). As to Rule 35(b), Defendant Wooden's Motion To Modify Sentence urges neither plain error nor substantial assistance to the Government.

Rule 36, Fed.R.Crim.P., provides that:

> After giving any notice it considers appropriate, the court at any time may correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission.

2

Rule 36 cannot be used "to make a substantive alteration to a criminal sentence." *United States v. Portillo,* 363 F.3d 1161, 1164 (11th Cir. 2004); *United States v. Pease,* 331 F.3d 809, 816 (11th Cir. 2003).

Title 18, United States Code, Section 3582(c) allows the court to modify a sentence in three circumstances: (1) upon a motion of the Director of the Bureau of Prisons; (2) under Rule 35 or as otherwise expressly permitted by statute; or (3) if the sentencing range has subsequently been lowered by the Sentencing Commission. However, Defendant Wooden does not urge any of the provisions of 18 U.S.C. § 3582(c), and it must be noted that the Director of the Bureau of Prisons has filed no motion in this case, Rule 35 does not apply, and there has been no revision of the Federal Sentencing Guidelines that would retroactively effect Defendant's sentencing range.

Title 28, United States Code, Section 2255 provides:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court to vacate, set aside or correct the sentence.

Section 2255, however, includes a one-year period of limitations from the finality of a defendant's sentence within which he must file such a collateral attack on his sentence. Section 2255's one-year limitation period starts to run when the time for seeking appellate review expires. *Clay v. United States,* 537 U.S. 522, 123 S.Ct. 1072 (2003). Petitioner Wooden's time for seeking appellate review by application for writ of certiorari expired 90 days after the dismissal of his direct appeal to the United States Court of Appeals for the Eleventh Circuit, to wit., on September 6, 2004, at which time his sentence was legally final. *Id.* Therefore, Wooden's Motion To Modify Sentence

3

and his Motion For New Trial, if recharacterized as a Motion To Vacate, Set Aside, or Correct his Sentence Pursuant to 28 U.S.C.§ 2255, would be barred by the AEDPA one-year statute of limitations.

Moreover, Petitioner's Motion For New Trial was not timely filed pursuant Rule 33 of the Federal Rules of Criminal Procedure, which provides:

> (2) Any motion for a new trial grounded on any reason other than newly discovered evidence must be filed within 7 days after the verdict or finding of guilty.

Petitioner Wooden alleged ten claims in his Motion For New Trial, none of which are based on any claim of newly discovered evidence.

This court is without authorization or jurisdiction to modify or vacate Petitioner Wooden's sentence rendered on October 14, 2004.

WHEREFORE, IT IS HEREBY RECOMMENDED that Petitioner's Motion To Modify Sentence and his Extraordinary Motion For New Trial be DENIED as time-barred.

Pursuant to 28 U.S.C. § 636 (b)(1), Petitioner may serve and file written objections to this Recommendation with the UNITED STATES DISTRICT JUDGE, WITHIN TEN (10) DAYS after being served with a copy hereof.

SO RECOMMENDED this 7th day of June 2007.

S/ G. MALLON FAIRCLOTH
UNITED STATES MAGISTRATE JUDGE